THOMAS NEWMAN *v.* RICHARD O. NEWMAN.

[Abstract Kentucky Law Reporter, Vol. 3—534.]

**Judgment by Consent—Advancement.**
> Where in a suit between heirs a judgment by agreement is entered, decreeing that each of the children shall participate equally in an estate, money advanced to one of the heirs by the deceased father can not be charged against him so as to make his share under the decree less than that received by each of the heirs.

APPEAL FROM NELSON CIRCUIT COURT.

January 14, 1882.

OPINION BY JUDGE PRYOR:

The judgment below in this case must be reversed.    It is evident that the $1,000 note was given to bring about a reformation on the part of the appellee by those who were so much interested

in his future welfare as to be willing to make any reasonable sacrifice to bring about such a result. When the first action was instituted on the note such was the conclusion reached by the jury, and the appellant admits in the action before us that such was the consideration, connected with the desire on the part of the mother to make him equal in distributing the small estate left by her husband. The agreed judgment in this action is, in effect, a consent of all the parties in interest made part of the record, that the appellee shall have an equal portion of the estate. "By consent of the parties it is adjudged that the plaintiff, R. O. Newman, recover of the defendants a sum equal to a child's full share of John E. Newman's estate, the interest in the personal estate to be paid in money and the real estate to be conveyed to him," etc.

His father had required him to account for $1,000 to the other children by the provisions of his will, and when the estate was divided, in order to make appellee account for the $1,000, there being but little personal estate, he had to account for it in the division of the real estate. In that division he obtained real estate that was valued at $750, less than the portion allotted to the other children, and this real estate he has conveyed, as the pleadings show, to his brother Thomas for a valuable consideration. The case has been referred to a commissioner to ascertain of what the estate consisted, and there was nothing in the pleading nor proof entitling him to a conveyance of a full interest in the realty when it appeared this Louisville property was the only real estate owned and that his interest under the will had been conveyed to his brother. He is entitled to real estate of the value of $750.00 and to a judgment for the personalty as found by the judgment rendered. When this is done he has secured all he is entitled to, unless when the case goes back other estate may be discovered, or he can make it appear that the brother has obtained fraudulently the land allotted to him in the division had under the will. The plain purpose is to make the children equal less the widow's interest. This the court is left free to ascertain by further reference to the commissioner, but must make the appellant account for what he has received since his father's death.

Judgment *reversed* and cause remanded. The personal judgment we think is right, but as to the realty, it is erroneous. Judg-

ment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Muir & Wickliffe, for appellant.*

*J. W. Thomas, Geo. S. Fulton, John A. Fulton, for appellee.*